**(ATTACHMENT A)**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| COMPREHENSIVE HEALTH SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-1186C |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant, | ) | |

**APPLICATION FOR ACCESS TO INFORMATION UNDER**
**PROTECTIVE ORDER BY OUTSIDE OR INSIDE COUNSEL**

1. I, James P. Gallatin, Jr., hereby apply for access to protected information covered by the protective order issued in connection with this proceeding.

2. a. I [outside counsel only] am an attorney with the law firm of ReedSmith and have been retained to represent Wyle Laboratories, Inc., a party to this proceeding.

b. I [inside counsel only] am in-house counsel (my title is: Attorney) for Wyle Laboratories, Inc., a party to this proceeding.

3. I am ☑ am not ☐ a member of the bar of the United States Court of Federal Claims (the "Court").

4. My professional relationship with the party I represent in this proceeding and its personnel is strictly one of legal counsel. I am not involved in competitive decision-making as discussed in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984), for or on behalf of the party I represent, any entity that is an interested party to this proceeding, or any other firm that might gain a competitive advantage from access to the information disclosed under the protective order. I do not provide advice or participate in any decisions of such parties in matters involving

similar or corresponding information about a competitor. This means that I do not, for example, provide advice concerning, or participate in decisions about, marketing or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals with respect to which the use of protected information could provide a competitive advantage.

5. I [outside counsel only] identify here (by writing "none" or listing names and relevant circumstances) those attorneys in my firm who, to the best of my knowledge, cannot make the representations set forth in the preceding paragraph:

None

6. I identify here (by writing "none" or listing names, position, and responsibilities) any member of my immediate family who is an officer or holds a management position with an interested party in the proceeding or with any other firm that might gain a competitive advantage from access to the information disclosed under the protective order:

None

7. I identify here (by writing "none" or identifying the name of the forum, case number, date, and circumstances) instances in which I have been denied admission to a protective order, had admission revoked or been found to have violated a protective order issued by any administrative or judicial tribunal:

None

8. I [inside counsel only] have attached a detailed narrative providing the following information:

a. my position and responsibilities as in-house counsel, including my role in providing advice in procurement-related matters;

b. the person(s) to whom I report and their position(s) and responsibilities;

c. the number of in-house counsel at the office in which I work and their involvement, if any, in competitive decision-making and in providing advice in procurement-related matters;

d. my relationship to the nearest person involved in competitive decision-making (both in terms of physical proximity and corporate structure); and

e. measures taken to isolate me from competitive decision-making and to protect against the inadvertent disclosure of protected information to persons not admitted under the protective order.

9. I have read the protective order issued by the Court in this proceeding. I will comply in all respects with that order and will abide by its terms and conditions in handling any protected information produced in connection with the proceeding.

10. I acknowledge that a violation of the terms of the protective order may result in the imposition of such sanctions as may be deemed appropriate by the Court and in possible civil and criminal liability.

By my signature, I certify that, to the best of my knowledge, the representations set forth above (including any attached statements) are true and correct.

James P. Gallatin, Jr.
Signature

November 16, 2005
Date Executed

James P. Gallatin, Jr.
Typed Name and Title
Attorney

Telephone Number 202-414-9274

Fax Number 202-414-9299

**(ATTACHMENT A)**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| COMPREHENSIVE HEALTH SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-1186C |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant, | ) | |

**APPLICATION FOR ACCESS TO INFORMATION UNDER PROTECTIVE ORDER BY OUTSIDE OR INSIDE COUNSEL**

1. I, Leigh T. Hansson, hereby apply for access to protected information covered by the protective order issued in connection with this proceeding.

2. a. I [outside counsel only] am an attorney with the law firm of ReedSmith and have been retained to represent Wyle Laboratories, Inc., a party to this proceeding.

b. I [inside counsel only] am in-house counsel (my title is: Attorney) for Wyle Laboratories, Inc., a party to this proceeding.

3. I am ☑ am not ☐ a member of the bar of the United States Court of Federal Claims (the "Court").

4. My professional relationship with the party I represent in this proceeding and its personnel is strictly one of legal counsel. I am not involved in competitive decision-making as discussed in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984), for or on behalf of the party I represent, any entity that is an interested party to this proceeding, or any other firm that might gain a competitive advantage from access to the information disclosed under the protective order. I do not provide advice or participate in any decisions of such parties in matters involving

similar or corresponding information about a competitor. This means that I do not, for example, provide advice concerning, or participate in decisions about, marketing or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals with respect to which the use of protected information could provide a competitive advantage.

5. I [outside counsel only] identify here (by writing "none" or listing names and relevant circumstances) those attorneys in my firm who, to the best of my knowledge, cannot make the representations set forth in the preceding paragraph:

None

6. I identify here (by writing "none" or listing names, position, and responsibilities) any member of my immediate family who is an officer or holds a management position with an interested party in the proceeding or with any other firm that might gain a competitive advantage from access to the information disclosed under the protective order:

None

7. I identify here (by writing "none" or identifying the name of the forum, case number, date, and circumstances) instances in which I have been denied admission to a protective order, had admission revoked or been found to have violated a protective order issued by any administrative or judicial tribunal:

None

8. I [inside counsel only] have attached a detailed narrative providing the following information:

a. my position and responsibilities as in-house counsel, including my role in providing advice in procurement-related matters;

b. the person(s) to whom I report and their position(s) and responsibilities;

c. the number of in-house counsel at the office in which I work and their involvement, if any, in competitive decision-making and in providing advice in procurement-related matters;

d. my relationship to the nearest person involved in competitive decision-making (both in terms of physical proximity and corporate structure); and

e. measures taken to isolate me from competitive decision-making and to protect against the inadvertent disclosure of protected information to persons not admitted under the protective order.

9. I have read the protective order issued by the Court in this proceeding. I will comply in all respects with that order and will abide by its terms and conditions in handling any protected information produced in connection with the proceeding.

10. I acknowledge that a violation of the terms of the protective order may result in the imposition of such sanctions as may be deemed appropriate by the Court and in possible civil and criminal liability.

By my signature, I certify that, to the best of my knowledge, the representations set forth above (including any attached statements) are true and correct.

Signature

November 16, 2005
Date Executed

Leigh T. Hansson
Typed Name and Title
Attorney

Telephone Number
202-414-9394

Fax Number
202-414-9299

**(ATTACHMENT A)**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| COMPREHENSIVE HEALTH SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-1186C |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant, | ) | |

**APPLICATION FOR ACCESS TO INFORMATION UNDER**
**PROTECTIVE ORDER BY OUTSIDE OR INSIDE COUNSEL**

1. I, Kurt D. Ferstl, hereby apply for access to protected information covered by the protective order issued in connection with this proceeding.

2. a. I [outside counsel only] am an attorney with the law firm of ReedSmith and have been retained to represent Wyle Laboratories, Inc., a party to this proceeding.

b. I [inside counsel only] am in-house counsel (my title is: Attorney) for Wyle Laboratories, Inc., a party to this proceeding.

3. I am ☑ am not ☐ a member of the bar of the United States Court of Federal Claims (the "Court").

4. My professional relationship with the party I represent in this proceeding and its personnel is strictly one of legal counsel. I am not involved in competitive decision-making as discussed in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984), for or on behalf of the party I represent, any entity that is an interested party to this proceeding, or any other firm that might gain a competitive advantage from access to the information disclosed under the protective order. I do not provide advice or participate in any decisions of such parties in matters involving

similar or corresponding information about a competitor. This means that I do not, for example, provide advice concerning, or participate in decisions about, marketing or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals with respect to which the use of protected information could provide a competitive advantage.

5. I [outside counsel only] identify here (by writing "none" or listing names and relevant circumstances) those attorneys in my firm who, to the best of my knowledge, cannot make the representations set forth in the preceding paragraph:

None

6. I identify here (by writing "none" or listing names, position, and responsibilities) any member of my immediate family who is an officer or holds a management position with an interested party in the proceeding or with any other firm that might gain a competitive advantage from access to the information disclosed under the protective order:

None

7. I identify here (by writing "none" or identifying the name of the forum, case number, date, and circumstances) instances in which I have been denied admission to a protective order, had admission revoked or been found to have violated a protective order issued by any administrative or judicial tribunal:

None

8. I [inside counsel only] have attached a detailed narrative providing the following information:

a. my position and responsibilities as in-house counsel, including my role in providing advice in procurement-related matters;

b. the person(s) to whom I report and their position(s) and responsibilities;

c. the number of in-house counsel at the office in which I work and their involvement, if any, in competitive decision-making and in providing advice in procurement-related matters;

d. my relationship to the nearest person involved in competitive decision-making (both in terms of physical proximity and corporate structure); and

e. measures taken to isolate me from competitive decision-making and to protect against the inadvertent disclosure of protected information to persons not admitted under the protective order.

9. I have read the protective order issued by the Court in this proceeding. I will comply in all respects with that order and will abide by its terms and conditions in handling any protected information produced in connection with the proceeding.

10. I acknowledge that a violation of the terms of the protective order may result in the imposition of such sanctions as may be deemed appropriate by the Court and in possible civil and criminal liability.

By my signature, I certify that, to the best of my knowledge, the representations set forth above (including any attached statements) are true and correct.

[signature]
Signature

November 16, 2005
Date Executed

Kurt D. Ferstl
Typed Name and Title
Attorney

Telephone Number 202-414-9250

Fax Number 202-414-9299

**(ATTACHMENT A)**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| COMPREHENSIVE HEALTH SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-1186C |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant, | ) | |

**APPLICATION FOR ACCESS TO INFORMATION UNDER <u>PROTECTIVE ORDER BY OUTSIDE OR INSIDE COUNSEL</u>**

1. I, Gregory S. Jacobs, hereby apply for access to protected information covered by the protective order issued in connection with this proceeding.

2. a. I [outside counsel only] am an attorney with the law firm of ReedSmith and have been retained to represent Wyle Laboratories, Inc., a party to this proceeding.

b. I [inside counsel only] am in-house counsel (my title is: Attorney) for Wyle Laboratories, Inc., a party to this proceeding.

3. I am ☐ am not ☑ a member of the bar of the United States Court of Federal Claims (the "Court"). Application Pending

4. My professional relationship with the party I represent in this proceeding and its personnel is strictly one of legal counsel. I am not involved in competitive decision-making as discussed in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984), for or on behalf of the party I represent, any entity that is an interested party to this proceeding, or any other firm that might gain a competitive advantage from access to the information disclosed under the protective order. I do not provide advice or participate in any decisions of such parties in matters involving

similar or corresponding information about a competitor. This means that I do not, for example, provide advice concerning, or participate in decisions about, marketing or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals with respect to which the use of protected information could provide a competitive advantage.

5. I [outside counsel only] identify here (by writing "none" or listing names and relevant circumstances) those attorneys in my firm who, to the best of my knowledge, cannot make the representations set forth in the preceding paragraph:

None

6. I identify here (by writing "none" or listing names, position, and responsibilities) any member of my immediate family who is an officer or holds a management position with an interested party in the proceeding or with any other firm that might gain a competitive advantage from access to the information disclosed under the protective order:

None

7. I identify here (by writing "none" or identifying the name of the forum, case number, date, and circumstances) instances in which I have been denied admission to a protective order, had admission revoked or been found to have violated a protective order issued by any administrative or judicial tribunal:

None

8. I [inside counsel only] have attached a detailed narrative providing the following information:

a. my position and responsibilities as in-house counsel, including my role in providing advice in procurement-related matters;

b. the person(s) to whom I report and their position(s) and responsibilities;

c. the number of in-house counsel at the office in which I work and their involvement, if any, in competitive decision-making and in providing advice in procurement-related matters;

d. my relationship to the nearest person involved in competitive decision-making (both in terms of physical proximity and corporate structure); and

e. measures taken to isolate me from competitive decision-making and to protect against the inadvertent disclosure of protected information to persons not admitted under the protective order.

9. I have read the protective order issued by the Court in this proceeding. I will comply in all respects with that order and will abide by its terms and conditions in handling any protected information produced in connection with the proceeding.

10. I acknowledge that a violation of the terms of the protective order may result in the imposition of such sanctions as may be deemed appropriate by the Court and in possible civil and criminal liability.

By my signature, I certify that, to the best of my knowledge, the representations set forth above (including any attached statements) are true and correct.

Signature

November 16, 2005
Date Executed

Gregory S. Jacobs
Typed Name and Title
Attorney

Telephone Number 202-414-9480

Fax Number 202-414-9299