ORIGINAL

FILED
NOV 1 7 2005
U.S. COURT OF FEDERAL CLAIMS

b. by leave of the Judge

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| **COMPREHENSIVE HEALTH SERVICES, INCORPORATED,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 05-1186C** |
| **UNITED STATES OF AMERICA,** | ) | **Judge Braden** |
| **Defendant.** | ) | |

## MOTION TO INTERVENE

Pursuant to COFC Rule 24, Wyle Laboratories, Inc. ("Wyle"), by counsel, hereby moves to intervene as a matter of right. Wyle is the awardee in the above-captioned 28 U.S.C. 1491(b) post-award protest action. In support of Wyle's Motion to Intervene, the Court is directed to the attached Memorandum of Points and Authorities.

Respectfully submitted,

WYLE LABORATORIES, INC.

By Counsel

By: ____________________
Leigh T. Hansson
REED SMITH LLP
1301 K Street, NW
Suite 1100 – East Tower
Washington, D.C. 20005
(202) 414-9394-Tel.
(202) 414-9299-Fax
Counsel for Wyle Laboratories, Inc.

Date: 11/15/05

OF COUNSEL:
James P. Gallatin, Jr.
Kurt D. Ferstl
Gregory S. Jacobs (Application for Admission Pending)

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| **COMPREHENSIVE HEALTH SERVICES, INCORPORATED,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 05-1186C** |
| **UNITED STATES OF AMERICA,** | ) | **Judge Braden** |
| **Defendant.** | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WYLE'S MOTION TO INTERVENE

In support of Wyle Laboratories, Inc.'s ("Wyle") Motion to Intervene, and in accordance with COFC Rule 24(c), Wyle, by counsel, states as follows:

### A. FACTS

1. On October 25, 2005, Wyle was awarded Contract No. NNJ05HA68C (the "Contract") as a result of its successful bid on Request For Proposal No. NNJ05064093R (the "RFP"). With all options, the estimated award value of the Contract is $128,705,367. (See Complaint, ¶1). The Contract is to provide occupational medicine support services to operate the Johnson Space Center Occupational, Emergency, and Preventive Medicine programs, and other associated programs. (See id.).

2. In its Complaint, the Protester makes extensive factual allegations concerning the reasonableness of award of the Contract to Wyle and the Source Selection Authority's conclusions regarding Wyle's proposal.

3. In its Prayer for Relief, Protester seeks, among other things, an injunction requiring the United States to appoint a new Source Selection Authority and repeat the source selection process.

4. Wyle seeks to intervene as a matter of right because it clearly has an interest in the subject Contract and the relief requested by Protester will impair and/or impede its ability to protect that interest. Moreover, Wyle seeks to intervene in order to defend against Protester's erroneous allegations concerning reasonableness of award of the Contract to Wyle and the Source Selection Authority's considerations of Wyle's proposal, and also to defend the propriety of the Contract award.

5. The Protest should be denied because the decision of the Source Selection Authority to award the Contract to Wyle was reasonable and lawful, and was neither arbitrary, capricious, nor lacking a rational basis.

## B. ARGUMENT

Because, as awardee, Wyle is an interested party in this case, it respectfully requests that the Court Grant its Motion to Intervene.

## C. CONCLUSION

For the foregoing reasons, Wyle Laboratories, Inc., an interested party in the instant action, requests that the Court Grant its Motion to Intervene.

Respectfully submitted,

WYLE LABORATORIES, INC.

By Counsel

By: ____________________
Leigh T. Hansson
REED SMITH LLP
1301 K Street, NW
Suite 1100 – East Tower
Washington, D.C. 20005
(202) 414-9394-Tel.
(202) 414-9299-Fax
Counsel for Wyle Laboratories, Inc.

Date: 11/15/05

OF COUNSEL:
James P. Gallatin, Jr.
Kurt D. Ferstl
Gregory S. Jacobs (Application for Admission Pending)

**CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of the foregoing Motion to Intervene and Memorandum of Points and Authorities in Support of Wyle's Motion to Intervene were served via first-class mail and facsimile this 16 day of November, 2005 on:

Contracting Officer
Stephanie D. Hunter
Contracting Officer
National Aeronautics and Space Administration
Lyndon B. Johnson Space Center
2101 NASA Parkway
Houston, TX 77058-3696
(via facsimilie and regular mail)

Counsel for the Government
Lauren Moore, Esq.
U.S. Department of Justice
Commercial Litigation Branch, Civil Division
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530-0001
(via facsimilie and regular mail)

Counsel for Comprehensive Health Services, Incorporated
Cyrus E. Phillips, IV, Esq.
1828 L Street, N.W.
Suite 660
Washington, D.C. 20036-5112
(via facsimilie and regular mail)

Leigh T. Hansson

UNITED STATES COURT OF FEDERAL CLAIMS

Docket No. 05-1186C

MEMORANDUM

TO: JUDGE Braden
FROM: CLERK'S OFFICE

The attached was received on 11-16-05 and the following defect(s) is/are noted:

1. ____ Untimely, due to be filed by ____________ [Rule 7.2]

2. ____ Proof of service: [Rule 5.1]
____ is missing; ____ is not signed and/or dated;
____ shows service on wrong attorney or of wrong item;
____ is not attached to each document or copy

3. ____ Not signed by the attorney of record [Rules 11 and 83.1(c)(2)]

4. ____ Does not comply with the provisions of Rule:

| | | |
|---|---|---|
| ____ | 5.2(a)(1)(A) | Re: table of contents or index to appendix is missing (or in wrong location) |
| ____ | 5.2(a)(1)(G) | Re: index to appendix is to be located in both the front of the brief and in front of the appendix |
| ____ | 5.2(b) | Re: length of briefs or memorandum |
| ____ | 5.3(c) | Re: binding |
| ____ | 5.3(d) | Re: original/copies missing |
| ____ | 5.3(g) | Re: Judge's name on all filings |
| ____ | 7(b) | Re: brief, supporting memorandum, affidavits shall be attached to motion |
| ✓ | 24(c) | Re: motion to be accompanied by a pleading |
| ____ | 56(h) | Re: proposed findings and/or response to proposed findings is missing or not a separate document |
| ____ | 56.1(b) | Re: statement of facts and/or counter-statement of facts is missing or not a separate document |
| ____ | 77.1(a) | Re: improper use of the night box |
| ____ | 83.1(c)(1) | Re: one attorney for a party; attorney to be an individual not a firm |
| ____ | ________ | Re: ____________________ |

5. ____ Original affidavit(s)/declaration(s) is/are missing
6. ____ No provision in the Rules (or court order) for the filing of this item
7. ✓ This case has been designated as an *ECF* case.
8. ____ ______________________________

Debbie
Deputy Clerk

To: CLERK'S OFFICE

THE ATTACHED ITEM IS TO BE:

✓ Filed by my leave, OR,

***PURSUANT TO THE ACCOMPANYING ORDER:***

***(Note - This is a separately written order)***

____ Filed by leave of the judge and party is being notified for correction of defect(s) as to future filings.

____ Returned to party for correction of defects, with the document to be filed by leave of the judge, if it is out of time, with opposing counsel's time to respond to run from the date of re-service.

____ Returned to party for correction of defect(s).

____ Returned to party.

[signature]
Signature

11/16/05 NOV 17 2005
Date